UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No. _____

TRESSIA MURPHY, )
)
        Plaintiff, )
)
v. )
)
PASTAMANIA, INC., a Florida corporation )
d/b/a LE COLONNE and UMBERTO )
SALUSTRI, individually, )
)
        Defendants. )
_____/

## COMPLAINT

Plaintiff, TRESSIA MURPHY ("Plaintiff"), through undersigned counsel, files this Complaint against Defendants PASTAMANIA, INC., a Florida corporation d/b/a LE COLONNE and UMBERTO SALUSTRI, individually (collectively "Defendants"), and alleges:

### JURISDICTION, VENUE, AND GENERAL ALLEGATIONS

1. This is an action brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (the "FLSA" or the "Act") and under Article X, Section 24 of the Florida Constitution (as implemented by Fla. Stat. § 448.110, the "Florida Minimum Wage Act") to recover from Defendants unpaid minimum wages, liquidated damages, and reasonable attorneys' fees and costs.

2. This Court has jurisdiction pursuant to Section 216 of the FLSA. This Court has federal question jurisdiction under 28 U.S.C. § 1331 as this civil action arises under the laws of the United States. The Court has supplemental jurisdiction over the Florida constitutional law claim pursuant to 28 U.S.C. § 1367 since the Florida claim for unpaid minimum wages forms a

1

part of the same case or controversy as the FLSA claim for unpaid minimum wages and involves the same defendants.

3. Venue is proper under 28 U.S.C. § 1391 because both Defendants reside in Sarasota County, Florida and because a substantial part of the events or omissions giving rise to these claims occurred in Sarasota County, Florida, within the jurisdiction of this Court.

4. At all times material hereto, Plaintiff TRESSIA MURPHY was a resident of Sarasota, Florida and an "employee" of Defendants as defined by the FLSA. Plaintiff was a non-exempt hourly employee of Defendants (a waitress) during various periods between February 2015 and January 12, 2020.

5. Plaintiff's job duties for Defendants primarily included taking orders and serving food and beverages to Defendants' customers at Defendants' Le Colonne restaurant in Sarasota, Florida.

6. Defendant PASTAMANIA, INC. is a Florida corporation that operates, among other things, a restaurant named Le Colonne located in Sarasota, Florida. Its principal address is located in Sarasota, Florida within the jurisdiction of this Court.

7. At all times during the relevant period, Defendants were an "enterprise engaged in commerce" or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA in that said enterprise had two or more employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person. The annual gross revenue of Defendants was in excess of $500,000.00 per annum for each calendar year during the relevant period (and is expected to exceed $500,000 during calendar year 2020).

8. At all times during the relevant period, Defendants had two or more employees (including Plaintiff) handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as food, drinks, beverages, cash registers, pots, pans, cooking and dishwashing equipment, telephones, point of sale equipment, and other kitchen, food preparation, and office materials and goods. Defendants also utilize interstate commerce to take restaurant reservations via the internet. At all times during the relevant period, both Plaintiff and Defendants were "engaged in commerce" by virtue of, among other things, the fact that they regularly completed financial transactions with Defendants' customers' credit card companies, banks, and third-party payment processing services outside of the State of Florida, and with foreign customers/tourists.

9. At all times during the relevant period, Plaintiff's work was essential to Defendants' business in that Defendants could not operate their restaurant without waitresses.

10. Defendant UMBERTO SALUSTRI is an individual and *sui juris*, is the President and owner of PASTAMANIA, INC., and during the relevant time period, exercised operational control of PASTAMANIA, INC. and acted directly and indirectly in the interest of PASTAMANIA, INC. in relation to said co-Defendant's employees. SALUSTRI is a resident of Sarasota County, Florida. SALUSTRI effectively dominates PASTAMANIA, INC. and administratively or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees and had the authority to direct and control the work and pay of others including TRESSIA MURPHY. Thus, SALUSTRI was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

11. While Plaintiff was employed by Defendants during various periods between February 2, 2015 and October 31, 2018, Defendants failed to pay Plaintiff any wages whatsoever,

including minimum wages required by applicable law. Plaintiff only received tips paid by customers.

12. During Plaintiff's employment with Defendants from October 7, 2019 through January 12, 2020, Defendants failed to pay the full and proper minimum wages to Plaintiff and utilized an invalid tip credit and/or tip pool.

13. The records, if any, concerning the date ranges of Plaintiff's employment, the number of hours Plaintiff actually worked, and the compensation actually paid to Plaintiff are in the possession and/or control of Defendants. However, Plaintiff attaches the Statement of Claim as **Exhibit 1** to provide an estimate of her unpaid minimum wage damages (including liquidated damages, but not including reasonable attorneys' fees, and costs).

14. Defendants have knowingly and willfully refused to pay Plaintiff wages to which she is legally entitled.

15. Plaintiffs have complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

16. Prior to the initiation of this lawsuit, Plaintiff gave notice to Defendants pursuant to Fla. Stat. § 448.110(6)(a) & (b) of Plaintiff's intent to initiate a civil action for unpaid minimum wages. Those notices, attached hereto as **Exhibit 2**, were received by Defendants on January 31, 2020. More than 15 calendar days have passed since Defendants' receipt of the Exhibit 2 notices.

17. After receipt of the Exhibit 2 notices, Defendants did not pay the total amount of unpaid wages or otherwise resolve the claim for unpaid Florida minimum wages to Plaintiff's satisfaction.

18. Plaintiff has retained the services of the undersigned counsel and is obligated to pay for the legal services provided.

## COUNT I: MINIMUM WAGE VIOLATION (FLSA) AGAINST ALL DEFENDANTS

19. Plaintiff realleges and incorporates the allegations contained in paragraphs 1-18 above as if set out in full herein.

20. Plaintiff was entitled to be paid the applicable federal minimum wage for each hour Plaintiff worked during Plaintiff's employment with Defendants.

21. Defendants failed to pay Plaintiff the federal minimum wage for each hour Plaintiff worked for the Defendants.

22. Defendants had knowledge that they were paying either no wages or sub-minimum wages to Plaintiff, but still failed to pay Plaintiff at least minimum wages.

23. Defendants willfully failed to pay Plaintiff the federal minimum wage for one or more weeks of work during the relevant period, in violation of 29 U.S.C. § 206.

24. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks during the relevant period. She is also entitled to liquidated damages as a result of Defendants' unlawful pay practices.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment for Plaintiff jointly and severally against Defendants on the basis of the Defendant's willful violations of the FLSA, award Plaintiff the difference between the full minimum wage and the actual wages paid by Defendants to Plaintiff, award Plaintiff liquidated damages in an amount equal to the unpaid minimum wages, award Plaintiff reasonable attorneys' fees and costs of suit, and grant such other and further relief as this Court deems equitable and just.

## COUNT II: RECOVERY OF MINIMUM WAGES UNDER ARTICLE X, SECTION 24 OF THE FLORIDA CONSTITUTION AGAINST ALL DEFENDANTS

25. Plaintiff realleges and incorporates the allegations contained in paragraphs 1-18 above as if set out in full herein.

26. Pursuant to Article X, Section 24 of the Florida Constitution, Plaintiff is entitled to be paid a minimum wage for each hour worked during Plaintiff's employment with Defendants.

27. Defendants willfully failed to pay Plaintiff Florida's minimum wage for each hour Plaintiff worked.

28. As a result of Defendants' intentional, willful, and unlawful acts in failing to pay Plaintiff minimum wages, Plaintiff has suffered damages and has incurred reasonable attorneys' fees and costs. She is also entitled to liquidated damages as a result of Defendants' unlawful pay practices.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment for Plaintiff jointly and severally against Defendants on the basis of the Defendant's willful violations of Article X, Section 24 of the Florida Constitution, award Plaintiff all unpaid minimum wages to which he is entitled, award Plaintiff an equal amount of liquidated damages, award Plaintiff reasonable attorneys' fees and costs of suit, and grant such other and further relief as this Court deems equitable and just.

## JURY DEMAND

Plaintiff demands trial by jury of all issues so triable as of right.

Dated: February 18, 2020	Respectfully Submitted,

*/s/ Harris Nizel*
HARRIS NIZEL (Florida Bar No.: 0807931)
Email: harris@nizel.com
Nizel Law, P.A.
4700 Sheridan St., Suite J
Hollywood, FL 33021
Telephone: (954) 653-8300
*Counsel for Plaintiff*