**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| TRESSIA MURPHY, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| PASTAMANIA, INC., a Florida corporation d/b/a LE COLONNE and UMBERTO SALUSTRI, individually, | ) Case No: 8:20-cv-372-T-35AEP |
|  | ) |
| Defendants. | ) |

**JOINT MOTION TO APPROVE PROPOSED FLSA SETTLEMENT AGREEMENT**

Plaintiff, TRESSIA MURPHY ("Plaintiff"), and PASTAMANIA, INC., a Florida corporation d/b/a LE COLONNE and UMBERTO SALUSTRI, individually ("Defendants" and together with Plaintiff, the "Parties"), by and through their undersigned counsel and pursuant to the Court's FLSA Scheduling Order [ECF No. 6] and September 3, 2021 Order [ECF No. 32], jointly submit this Motion (the "Motion") to Approve the Proposed FLSA Settlement Agreement in the above-captioned matter. This Motion requests that this Court make a fairness finding approving the terms of the Parties' FLSA settlement of the above-captioned matter, dismissing this case with prejudice, and reserving jurisdiction to enforce the terms of the FLSA Settlement Agreement for eight (8) months from entry of the Court's order. In support thereof, the Parties state as follows:

**I.**     **Legal Standard**

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which claims under FLSA can be settled and released by employees. First, 29 U.S.C. 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages

1

by the employer to the employee is supervised by the Secretary of Labor. *Lynn's Food Store, Inc. v. United States,* 679 F.2d 1350, 1353, (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters an Order approving the settlement. *Id.*; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354. When asked to review and approve the terms of settlement under the FLSA, there is a "strong presumption" in favor of finding a settlement fair. *Dail v. George A. Arab, Inc.*, 391 F. Supp. 2d 1142, 1146 (M.D. Fla. 2005).

**II.      Settlement of FLSA Claims**

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release Plaintiff's FLSA claims against Defendants. The proposed settlement arises out of an action brought by the Plaintiff against her former employer and its individual owner, which action was lengthy and adversarial in nature. The instant action primarily involves disputed issues regarding the number of hours Plaintiff worked for the Defendants as a

restaurant waitress over a 5-year period of time. The amount of hours Plaintiff worked, the wages she received from Defendants as compensation for those hours, and damages were the focus of the Parties' dispute. The Parties exchanged information in an attempt to accurately determine the number of hours Plaintiff worked for Defendants. The Parties believe that the settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues, particularly in light of Defendants' numerous defenses, the information regarding Plaintiff's hours contained in Defendant's point-of-sale system, and the uncertainty of trial. Both Plaintiff and Defendants were represented by experienced counsel throughout this litigation. Counsel discussed, at length, the proper measure of calculating Plaintiff's alleged unpaid wages, the applicability of defenses, and the evidence in support of the Parties' respective claims and defenses.

The Parties agree that the settlement negotiated and reached by the Parties represents a reasonable compromise of the disputed issues. The Parties represent to this Court that there has been in depth and sufficient investigation and exchange of information, including a substantial exchange of documents from both sides, to allow counsel for Plaintiff and Defendants to properly evaluate the Parties' claims and defenses and make recommendations regarding the resolution of this matter. The settlement agreement being provided to the Court as **Exhibit 1** includes each and every term and condition of the Parties' settlement. Through their attorneys, the Parties voluntarily agreed to the terms of the proposed settlement during negotiations, with the amount of litigation costs (including attorney's fees) negotiated separately.

The Parties agree that the Plaintiff's request for asserted costs and attorney's fees is reasonable, given the length and nature of the litigation. The Plaintiff sought damages for an asserted shortfall in alleged unpaid minimum wages allegedly due to her under the FLSA. These are claims for which the Plaintiff sought an award of attorney's fees.

### III.  Terms of Settlement

As recited in the FLSA Settlement Agreement, the $32,000 gross settlement consists of (a) $19,500 to Plaintiff comprised of $9,750 in unpaid wages and an equal amount in liquidated damages and (b) $11,940.98 in attorneys' fees and $559.91 in costs.  The Parties had numerous discussions regarding damages as well as Defendants' ability to pay damages in light of the pandemic and its effect on Defendants' business.  It was clear that all Parties (who had already incurred great expense) would have incurred even further expense in litigating through trial.  For those reasons, Plaintiff desired to compromise her claim and accept the settlement described herein to ensure she would recover some money from the Defendants and receive that money more quickly than if she had waited for a trial.  Similarly, Defendants desired to pay the settlement described herein to avoid the costs associated with trial. It is respectfully submitted that the settlement represents a fair compromise under the teachings of *Lynn's Food Stores*.

It is respectfully submitted that the amount allocated to attorney's fees and costs is fair and reasonable, and counsel accepts this effective reduced rate in full satisfaction of the attorneys' fees and costs incurred on the Plaintiff's behalf.  There was no undue influence, overreaching, collusion or intimidation in reaching the FLSA Settlement Agreement.  All Parties were counseled and represented by their respective attorneys throughout the litigation and settlement process.

### IV.  Conclusion

The Parties jointly and respectfully request this Court to approve the proposed FLSA Settlement Agreement, dismiss the instant action with prejudice, and retain jurisdiction to enforce the FLSA Settlement Agreement for eight (8) months from the date of the Court's order, which time is sufficient to ensure payments are made timely.

## LOCAL RULE 3.01(g) CERTIFICATION

In accordance with Local Rule 3.01(g), undersigned counsel certify that they have conferred with one another and agree to the relief sought in this motion.


Respectfully submitted on September 3, 2021.

| | |
|---|---|
| */s/ Harris Nizel* | */s/ Jessica Farrely* |
| HARRIS NIZEL (Fla Bar No.: 0807931) | JESSICA M. FARRELLY (Fla. Bar. No. 0103055) |
| Email: harris@nizel.com | jessica.farrelly@fmglaw.com |
| Nizel Law, P.A. | Freeman Mathis & Gary, LLP |
| 4700 Sheridan St., Suite J | 2502 North Rocky Point Drive, Suite 860 |
| Hollywood, FL 33021 | Tampa, FL 33607-1447 |
| Telephone: (954) 653-8300 | Telephone: 813-774-3486 |
| *Counsel for Plaintiff* | *Counsel for Defendants* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 3, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Harris Nizel*
HARRIS NIZEL (Florida Bar No.: 0807931)