UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**TRESSIA MURPHY,**

    Plaintiff,

v.                                                                        Case No: 8:20-cv-372-MSS-AEP

**PASTAMANIA, INC.** and
**UMBERTO SALUSTRI,**

    Defendants.

_____

## ORDER

**THIS CAUSE** comes before the Court for consideration of the Parties' Joint Motion to Approve Proposed FLSA Settlement Agreement ("the Motion"). (Dkt. 33) The Parties request that the Court approve the settlement of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, claims and dismiss the case with prejudice. (Id.)

A claim brought under the FLSA can be settled and resolved in two ways. First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. 29 U.S.C. § 216(c); Lynn's Food Stores, Inc. v. U.S., 679 F.2d 1350, 1353 (11th Cir. 1982). Alternatively, an employee may settle and waive claims under the FLSA if the parties file a proposed settlement agreement with a district court, and the district court enters a judgment approving the settlement. Lynn's Food Stores, Inc., 679 F.2d at 1353. To approve the settlement, the district court must determine whether the

settlement agreement is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. Id. at 1354–55.

Plaintiff was employed by Defendants as a waitress off and on from approximately June 2013 through January 2020. (Dkts. 1, 11) On or about February 18, 2020, Plaintiff filed this action against Defendants for, inter alia, violating the FLSA by allegedly failing to pay her minimum wages. (Dkt. 1) As set forth in her responses to the Court's FLSA Interrogatories, Plaintiff asserted unpaid minimum wages totaling $28,648.73. (Dkt. 11) Defendants denied the allegations and asserted several affirmative defenses in response to the Amended Complaint. (Dkt. 16) Now, the Parties represent that they have reached an agreement to resolve the dispute. (Dkt. 33)

In exchange for, inter alia, a release from all liability, Defendants have agreed to pay a total amount of $32,000.00, which includes: (a) $9,750.00 to Plaintiff for alleged unpaid wages (less applicable tax withholding), (b) 9,750.00 to Plaintiff for liquidated damages, and (c) $12,500.00 to be paid to Plaintiff's counsel for attorney's fees and costs. (Dkt. 33-1) The settlement sum is to be paid according to the disbursement plan outlined in paragraph 2 of the Settlement Agreement. (Id. at ¶ 2) The Parties represent that the Settlement Agreement reflects a reasonable compromise of the disputed issues. (Dkt. 33 at 3) The Parties also request that the Court retain jurisdiction for eight (8) months from the date of this Order to ensure payments are timely made. (Id. at 4)

Upon review of the Motion and the Settlement Agreement, the Court finds that the Parties' Settlement Agreement is fair and reasonable. The Court's approval of this Settlement Agreement in no way alters any party's obligation to pay or withhold appropriate sums for tax purposes in accordance with the requirements of the Internal Revenue Code. However, the Court declines the Parties' specific request that it retain jurisdiction over this case in the event a dispute arises concerning remittance of the payments. Courts in this district routinely deny requests to retain jurisdiction to oversee and enforce payment plans set forth in a FLSA settlement agreement. E.g., Abel v. Lucky Corner, Inc., No. 6:21-CV-278-PGB-GJK, 2021 WL 2430905, at *1 (M.D. Fla. May 14, 2021); Eiland v. U.S. Walls, LLC, No. 6:13-CV-1237-ORL-40, 2015 WL 478372, at *5 (M.D. Fla. Feb. 4, 2015); Correa v. Goldblatt, Case No. 6:10-cv-1656-JA-DAB, 2011 WL 4596224 (M.D. Fla. Sept. 9, 2011); Smither v. Dolphin Pools of SW Fla., Inc., Case No. 2:11-cv-65-JES-DNF, 2011 WL 2565494 (M.D. Fla. June 9, 2011). As such, to the extent that court intervention is necessary to resolve any dispute concerning the Settlement Agreement after the case is finally resolved, an independent basis for jurisdiction would have to be established in order for such dispute to be resolved in this Court. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 378 (1994) ("Enforcement of the settlement agreement, however, whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction.").

Accordingly, it is hereby **ORDERED** that:

3

1. The Parties' Joint Motion to Approve Settlement, (Dkt. 33), is **GRANTED.**

2. The FLSA Settlement Agreement, (Dkt. 33-1), is **APPROVED** and shall **GOVERN** the Parties' conduct in settlement of this civil action.

3. The Defendants shall disburse the settlement sum, including attorney's fees and costs as set forth herein and in paragraph 2 of the Parties' Settlement Agreement.

4. This case is **DISMISSED WITH PREJUDICE**. Each party shall bear its own legal fees and costs, except as specified in the Parties' Settlement Agreement. **No retainer agreement between the Plaintiff and counsel shall override or alter the amount of settlement proceeds due to the Plaintiff in accordance with the terms of the settlement agreement as approved by this Order. Counsel shall provide a copy of this order to their respective clients.**

5. The **CLERK** is directed to **TERMINATE** any pending motions and **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida, this 15th day of September 2021.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

4

Copies furnished to:
All Counsel of Record
All *Pro Se* parties